UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION


FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 11:52 am, Nov 14, 2017

UNITED STATES OF AMERICA    )
    )
vs.    )    No. CR493-205
    )
ROOSEVELT J. LOUICE BURGESS,    )
    )
    Defendant.    )

## ORDER

Currently before the Court is the unopposed motion by defendant Roosevelt J.Louice Burgess for an expedited resentencing. For the reasons below, the Court **GRANTS** Burgess' motion and sentences him to time served, which is reflected in the judgment filed contemporaneously with this order.

On October 17, 1994, the Court sentenced defendant Roosevelt J.L. Burgess as an Armed Career Criminal under 18 U.S.C. §924(e). He received a term of 387 months' imprisonment. Burgess has been in federal custody since December 8, 1993. On June 29, 2017, the Court entered an order granting Burgess' counseled 28 U.S.C. §2255 motion. As a result, Burgess is no longer an Armed Career Criminal. According to the October 18, 2017, Presentence Investigation Report ("PSI"), Burgess now faces a total advisory guidelines range of 160 to 185 months. Even at the high end of the range (approximately 15.5 years) and

1

assuming for the purposes of this motion that Burgess received no good conduct time while in BOP custody, he has over-served his 1994 sentence by approximately 8.5 years.

While a defendant typically must be present at court hearings, a defendant may waive his right to be present where he is "voluntarily absent during sentencing." See Fed. R. Crim. P. 43(a)(3), 43(c)(1)(B). Burgess presently is in the custody of the Bureau of Prisons ("BOP") at USP Lee in Pennington Gap, Virginia. Burgess' counsel has filed an email from her client affirming that he wishes to waive his presence at any sentencing hearing and instead be sentenced via written order. Counsel also has stated, as an officer of the Court, that she has spoken with her client and that that is, in fact, his wish.

In granting the motion for expedited resentencing, the Court has also considered the fact that the government has no objection to this requested relief, and that the parties have filed no objections to the October 18, 2017, Presentence Investigation Report.

Based upon these facts, the Court accepts Burgess' waiver, and in light of Rule 32(b)(1)'s directive to sentence a defendant without unnecessary delay, the Court ADOPTS the findings of the PSI and sentences Burgess as follows:

On Count 1 (a violation of 18 U.S.C. §2113(a) and (d)), the Court

sentences Burgess to time served, followed by a five-year period of supervised release.

On Count 2 (a violation of 18 U.S.C. §924(c)(1)), the Court sentences Burgess to time served, followed by a three-year period of supervised release.

On Count 3 (a violation of 18 U.S.C. §922(g)(1)), the Court sentences Burgess to time served, followed by a three-year period of supervised release.

The periods of supervised release shall run concurrently. All other terms and conditions of the Judgment dated October 17, 1994, remain in effect.

The Bureau of Prisons shall release Burgess from custody *instanter*.

**SO ORDERED** this 14 day of November, 2017.

HON. LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

3